**UNITED STATES of America,**

v.

**Jacob BRACH, Defendant.**

**No. 90 Cr. 507(VLB)(MDF).**

United States District Court,
S.D. New York.

Jan. 19, 1993.

Kerry Lawrence, Asst. U.S. Atty., White Plains, NY, for U.S.

Alan S. Lipman, Patrick J. Doyle, Fabricant & Lipman, Goshen, NY, for depositors.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

On October 20, 1992 United States Magistrate Judge Mark D. Fox signed a Report and Recommendation after conducting an evidentiary hearing, in which he recommended denial of an application by the United States that remaining unexpended escrow funds posed as bail in this case by others than the defendant, be applied to satisfy certain outstanding restitution obligations of the defendant. I approve and adopt the Report and Recommendation and deny the application.

A series of conversations not memorialized led the United States to believe that defendant had arranged for the bail monies now at issue to be available to pay restitution, but no explicit written or even oral agreement on the part of those posting the bail has been established. Judge Fox found that the United States had failed to establish a commitment to use of the funds at issue for further restitution.

At the hearing, the credibility of some witnesses to the conversations, who testified contrary to the application of the United States, was challenged. But as pointed out by Judge Fox in his Report and Recommendation, mere disbelief of testimony "does not alone establish that the opposite ... is in fact the truth." *Dyer v. MacDou-*

*gall*, 201 F.2d 265, 269 (2d Cir.1952) (L. Hand, J.); *Wessel v. Buhler*, 437 F.2d 279, 282 (9th Cir.1971).

The key word in *Dyer* in the context of this case is "alone," posing the question of whether the other circumstances here, combined with any incredibility of the opposing witnesses, can suffice to permit the application of the United States to be granted. Incredible testimony combined with background circumstances can support a finding contrary to the position taken by the witness. *United States v. Zafiro*, 945 F.2d 881 (7th Cir.1991); see *United States v. Alo*, 439 F.2d 751 (2d Cir.), *cert. denied* 404 U.S. 850, 92 S.Ct. 86, 30 L.Ed.2d 89 (1971). And adverse inferences can be drawn from concealment of facts by whatever means, see *Welsh v. United States*, 844 F.2d 1239, 1244–47 (6th Cir.1988). But such inferences without corroborating circumstances are not enough to establish a contested fact. See *Pagel, Inc. v. SEC*, 803 F.2d 942 (8th Cir.1986); *United States v. Local 560, IBT*, 780 F.2d 267 (3d Cir.1985), *cert. denied* 476 U.S. 1140, 106 S.Ct. 2247, 90 L.Ed.2d 693 (1986).

The circumstances here do not corroborate the application. A commitment binding depositors of escrow funds posted to assure compliance with conditions of release, to permit later use of such funds to fulfill restitution obligations of the defendant, would normally be expected to be in writing or on the record. Absence of written or on-the-record confirmation of the existence of such an agreement by those to be bound supports an inference against, rather than in favor of, the application. Oral statements, especially if off-hand or of a hearsay nature, claimed to amount to solemn binding acts, especially if purporting to commit absent persons, are viewed by the courts with skepticism. See generally *Goldstick v. ICM Realty*, 788 F.2d 456, 466 (7th Cir.1986); *Eastern Air Lines v. Air Line Pilots Ass'n*, 861 F.2d 1546, 1552 (11th Cir.1988); Practice Commentary, NY Gen.Oblig. Law § 5–701.

The Magistrate Judge correctly treated the claim here with sufficient skepticism to

require more corroboration than the presence of challenges to credibility of the opposing witnesses, however persuasive those challenges might be.

SO ORDERED.