**BRIDGESTONE/FIRESTONE, INC., Plaintiff,**

v.

**RECOVERY CREDIT SERVICES, INC., Revenue Recovery, Inc. and George Beladino, Defendants.**

No. 93 Civ. 0168 (VLB).

United States District Court, S.D. New York.

March 17, 1993.

Maureen Bezuhly, Susan T. Dwyer, Herrick, Feinstein, New York City, for plaintiff.

Neal S. Comer, Comer, Bress & Faust, White Plains, NY, for defendant Beladino.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

Plaintiff Bridgestone/Firestone, Inc. ("Bridgestone") retained the corporate defendants to handle various collection matters. It appears undisputed that monies due from defendants to Bridgestone were not paid and that relevant records relating to Bridgestone's business and to which it is entitled were not given to Bridgestone.

Interim relief in favor of Bridgestone has been extended by stipulation, and the matter is now before me on Bridgestone's application a) for attachment of all assets and property in the possession, custody or control of any of the defendants pursuant to N.Y. CPLR §§ 6201, 6210 and Rule 6212, applicable in this court by virtue of Fed.R.Civ.P. 65; and b) for turnover to Bridgestone of all records in the possession, custody or control of any of the defendants relating to Bridgestone's business, pursuant to CPLR § 7102, made applicable by Fed.R.Civ.P. 64. The individual defendant George Beladino ("Beladino") opposes the application; there is no opposition on record to the relief sought as against the corporate defendants.

■ For the reasons which follow, I grant Bridgestone's application. In doing so, I am aware of the drastic nature of prejudgment relief which may have the effect of blocking use of assets for ongoing legitimate activities.[1] I do not grant the application lightly, but only after determining that the critical facts supporting it are well established and not effectively controverted. Further, I take into consideration that this is not a consumer case in which inequality of legal sophistication or bargaining power is involved.[2]

In order to avoid unnecessarily harsh consequences of the relief ordered, I grant leave to the individual defendant Beladino to seek, by notice of motion accompanied by adequate documentation and affidavits, relief from the attachment with respect to specified assets necessary for his well-being and that of any persons dependent on him.[3]

---

[1] See generally *Connecticut v. Doehr,* — U.S. —, 111 S.Ct. 2105, 115 L.Ed.2d 1 (1991); *Sniadach v. Family Finance Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969).

[2] See generally N.Y.Gen.Bus Law Art. 29–H; compare *Lone Star Industries v. Nelstad Material Corp.,* 811 F.Supp. 147 (S.D.N.Y.1993) with *Morgan v. McNiff,* 797 F.Supp. 325 (S.D.N.Y.1992) and cases cited.

[3] The power to limit the scope of attachments and other prejudgment restraints flows from inherent authority to grant a lesser thing if a greater one could have been granted, unless this leeway is used so as to defeat otherwise protected constitutional or other rights in a way contrary to the purposes for which such rights are granted. See *Gardner v. Broderick,* 392 U.S. 273, 88 S.Ct. 1913, 20 L.Ed.2d 1082 (1968); K. Sullivan,

Where records must be turned over pursuant to this order, the party relinquishing them shall not thereby be automatically barred from retaining copies. Thus, Beladino may retain copies of records required to be turned over to Bridgestone pursuant to this order; the purpose of the transfer of the records is to permit Bridgestone to protect its business, not to make it more difficult for Beladino to conduct his defense in this litigation.

Retention of such copies by Beladino will be treated as discovery in connection with this case and Bridgestone may seek a suitable protective order under Fed.R.Civ.P. 26 if such items are confidential.

## II

Interim relief of the type sought here is analogous to preliminary injunctive relief pursuant to Fed.R.Civ.P. 65 and similar criteria must be satisfied. *Jackson Dairy v. H.P. Hood & Sons*, 596 F.2d 70, 72 (2d Cir.1979); see also Silberman, *Injunctions by the Numbers: Less Than the Sum of Its Parts*, 63 Chi–Kent L.Rev. 279 (1987).

*Unconstitutional Conditions*, 102 Harv.L.Rev. 1413 (1989); Note, *The Demise of the Right–Privilege Distinction in Constitutional Law*, 69 Colum.L.Rev. 808 (1969).

Fed.R.Civ.P. 64 in authorizing use of state remedies such as attachment also conditions such remedies on prosecution of the litigation "pursuant to these rules." This, in turn, triggers the equitable procedures set forth in Fed.R.Civ.P. 65(d) calling for injunctive relief, of which prejudgment restraints are a subset or at least analogous. Such relief is to be based on findings of need, *Ass'n of Flight Attendants v. United Airlines*, 976 F.2d 102 (2d Cir.1992); it should not be blanket in nature or broader than reasonably necessary to correct or prevent illegal conduct.

Statutory provisions, whether or not applicable as literal commands, are relevant as sources of reasoning. See Stone, *The Common Law in the United States*, 50 Harv.L.Rev. 4, 12–18 (1936).

In this instance, 28 U.S.C. § 3013, enacted as part of the Federal Debt Collection Procedures Act of 1990, which provides for equitable supervision of all creditor remedies, is instructive. Moreover, authority for such supervision flows from the inherent power of the federal courts to supervise litigation before them and to prevent abuses. See *Chambers v. NASCO, Inc.*, 498 U.S. 807, 111 S.Ct. 38, 112 L.Ed.2d 15 (1990) (upholding imposition of sanctions against a litigant for improper behavior even where not specifically authorized by Fed.R.Civ.P. 11, or by 28 U.S.C. § 1927 which applies to attorneys only).

The evidence submitted by Bridgestone establishes irreparable injury inasmuch as assets it seeks are likely to disappear unless the application is granted, and probability of success on the merits because of the conceded defalcations of the corporate defendants and the involvement of Beladino.

All parties have treated this matter as one to be determined on the papers; no party has requested an evidentiary hearing. Bridgestone's submissions in the affidavits docketed as ## 4, 14 and 15 describe how defendants received but did not remit sums due to Bridgestone from third parties, and how they also failed to provide Bridgestone with records describing transactions involving its claims and funds. Bridgestone's showing is uncontradicted except as to the extent and deliberate nature of Beladino's personal involvement.

Beladino's affidavit, docketed as # 13, concedes the operational facts asserted by Bridgestone but seeks to minimize his individual responsibility based on lack of legal advice and failure to recognize the full consequences of his conduct.[4] Beladino does not

Representative Jack Brooks of Texas, Chair of the House Judiciary Committee, explained the significance of 28 U.S.C. § 3013 on the floor of the House on October 27, 1990 (136 Cong.Rec. H13289, daily ed 10/27/90) in a way which, while not binding, is both instructive and in accord with *Chambers:*

"The courts generally have power to issue injunctions as necessary. To ensure that this bill is not read as a limitation on the court's inherent authority ... the act contains a savings clause to clarify that the courts retain their full complement of injunctive ... powers ... under the Federal Rules of Civil Procedure, and under the inherent authority flowing from article III judicial power. The courts retain full power to issue injunctions to aid or protect a party.... Because of the breadth of this authority, separate provisions for 'orders in aid of execution' and 'restraining notices' were superfluous and were not included."

4. I take into account conceded conduct of Beladino as set forth in his affidavit. I do not, however, accord significant weight to contentions that he took steps without legal advice which were subsequently regretted or the consequences of which were not intended. Such arguments would be relevant, although not conclusive unless found persuasive, in a criminal case requiring specific intent, see *Cheek v. United States*, 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617

assert in his affidavit (a) that he did not commingle personal and corporate defendant funds, (b) that he had no role in decisionmaking on the part of both corporate defendants, (c) that he has made a complete, thorough search for all records pertaining to Bridgestone, or (d) that he does not have any funds belonging to Bridgestone (although he states he did not "steal or hide" any of its funds). Beladino's silence on these points supports my finding of Bridgestone's probable success on the merits of this case.[5]

### III

From the facts set forth to date, it appears that there may be a significant possibility that after compliance with this order, few if any assets will remain available for further recompense to Bridgestone. The parties are directed to discuss settlement and to report to the court within 30 days from the date of this order concerning progress made.

SO ORDERED.

(1991); *United States v. Regent Office Supply Co.*, 421 F.2d 1174 (2d Cir.1970), or a civil suit under the federal anti-racketeering provisions ("RICO," 18 U.S.C. §§ 1961–1964) in which proof of a violation of a criminal statute is a prerequisite to relief. See *H.J., Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989); *Alpert v. Kramer* (S.D.N.Y. Dec. 16, 1992).

No proof of criminal intent is, however, a prerequisite to equitable relief to protect assets under Fed.R.Civ.P. 64 or 65. See generally *Steelman v. All Continent Corp.*, 301 U.S. 278, 57 S.Ct. 705, 81 L.Ed. 1085 (1937); *In re Feit & Drexler*, 760 F.2d 406 (2d Cir.1985).

**5.** See *Interstate Circuit v. United States*, 306 U.S. 208, 225–26, 59 S.Ct. 467, 473–74, 83 L.Ed. 610 (1939) (adverse inference from failure to provide adequate explanation for circumstances); *Brink's, Inc. v. City of New York*, 717 F.2d 700 (2d Cir.1983) (adverse inference from witness invoking privilege against self-incrimination in civil case); *Welsh v. United States*, 844 F.2d 1239, 1244–47 (6th Cir.1988) (destruction of evidence); *United States v. Brach*, 809 F.Supp. 1128 (S.D.N.Y.1993).