

William I. Aronwald, Aronwald & Pykett, White Plains, NY, for defendant-movant.

Bart G. Van De Weghe, Asst. U.S. Atty., White Plains, NY, for U.S.

### MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

**UNITED STATES of America**

**v.**

**Earl THOMPSON, Defendant.**

**No. S2 91 Cr. 488 (VLB).**

United States District Court, S.D. New York.

Nov. 29, 1993.

## I

After a jury trial, the defendant Earl Thompson ("Thompson") was found guilty on July 23, 1992 of money laundering and other crimes. On August 23, 1993, a First Order of Forfeiture was entered in the amount of $309,523.50 pursuant to 18 U.S.C. § 982, which covers money laundering offenses of the type committed by Thompson in violation of 18 U.S.C. §§ 1956 and 1957.

Section 982 provides for forfeiture of "any property . . . involved in such offense, or any property traceable to such property."

Thompson has moved to vacate the order and substitute a smaller amount of "approximately $91,000" because of alleged duplicative counting of property. The United States Attorney has responded with a recalculation as set forth in a declaration of Bart G. Van De Weghe of October 4, 1993, reducing the amount to $277,425.25. I adopt the United States' recalculation and modify the judgment accordingly.

The United States Attorney has also moved for substitution of other assets still within Thompson's control for some of those which have been withdrawn or have otherwise disappeared. I grant the United States Attorney's application.

## II

■ Thompson's argument with respect to the amount of the forfeiture rests in part on the ground that only proceeds of a crime can be forfeited. This is contrary to the text of the statute as quoted above. It is also diametrically opposed to the concepts underlying related, and hence persuasive, provisions. Fed.R.Cr.P. 41(b)(3) explicitly permits seizure of "property ... which is or has been used as the means of committing a criminal offense," in addition to seizure under Fed. R.Cr.P. 41(b)(2) of "fruits of crime" or "things ... criminally possessed." Where gain or loss are involved, 18 U.S.C. § 3571(d) provides:

> If any person derives pecuniary gain from the offense, or if the offense results in pecuniary loss to a person other than the defendant, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss.

The Federal Rules of Criminal Procedure and the alternative fine provisions of § 3571(d), while not directly applicable, confirm that the plain meaning of the forfeiture statute is in the traditional mainstream of responses to involvement of property in criminal activity. See generally Stone, "The Common Law in the United States," 50 Harv.L.Rev. 4, 12–18 (1936).

## III

■ The showing on behalf of the United States that forfeitable assets have been withdrawn or have otherwise vanished and that Thompson has substitute assets is not effectively controverted. Thompson argues that the jury's verdict did not deal with such substitutes. There was no occasion for the jury to do so. The verdict took the form of findings of proof of guilt beyond a reasonable doubt relating to the occurrence or non-occurrence of past criminal events charged in the indictment. It was not the jury's function to, nor did it, report a narrative verdict with respect to what happened to various improperly obtained monies.

Thompson points to no authority restricting subsequent implementation of forfeiture to the property, whether illegally used or constituting ill-gotten gains, upon which the amount of the forfeiture was based. Otherwise, a rush to get rid of the specific property found improperly used or obtained in return for other assets would be a successful device for frustrating the forfeiture.

Implementation of forfeiture requires preventing its frustration because the assets have been moved or exchanged. Without effective steps of this kind, the statute would be nugatory, hardly a result required by its text or purposes.

Equitable relief and emergency, even *ex parte* action to prevent the effective removal of assets, is a traditional judicial function. See Fed.R.Civ.P. 65; *Steelman v. All Continent Corp*, 301 U.S. 278, 57 S.Ct. 705, 81 L.Ed. 1085 (1937); *In re Feit & Drexler*, 760 F.2d 406, 414–15 (2d Cir.1985); *United States v. Ross*, 302 F.2d 831 (2d Cir.1962); *Halpert v. Engine Air Service*, 212 F.2d 860 (2d Cir.1954); *Bridgestone/Firestone v. Recovery Credit*, 147 F.R.D. 66 (S.D.N.Y.1993) (discussing procedural safeguards, provided here); see also *In re Vuitton et Fils SA*, 606 F.2d 1 (2d Cir.1979) (seizure to protect intellectual property rights).

SO ORDERED.