**Arun GAIND, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 94 Civ. 8949 (VLB).

United States District Court, S.D. New York.

Dec. 17, 1994.

James O. Druker, Kase & Druker, Garden City, NY, for petitioner.

Marjorie Miller, Asst. U.S. Atty., White Plains, NY, for U.S.

**MEMORANDUM ORDER**

VINCENT L. BRODERICK, District Judge.

**I**

Petitioner Arun Gaind was found guilty on August 31, 1992 of conspiracy to commit mail fraud and to cause a company controlled by him to submit false statements to the United States Environmental Protection Agency (EPA) by backdating tests. Gaind was also convicted of making actual false statements to the EPA; and of committing perjury before a federal Grand Jury investigating the matter.

Sentence, imposed on June 11, 1993, included thirty-three (33) months' imprisonment and restitution to the EPA of $511,-263.88. I departed downward from the Sentencing Guidelines to take into account that Gaind had lost his business—the sole instrument for his criminal activity—so that the likelihood of further violations on his part

was reduced. *United States v. Gaind*, 829 F.Supp. 669 (S.D.N.Y.1993). The conviction and sentence were affirmed by mandate issued August 24, 1994, *United States v. Gaind*, 31 F.3d 73 (2d Cir.1994); see also *United States v. Gaind*, 832 F.Supp. 740 (S.D.N.Y.1993) (denial of bail pending appeal).

Gaind seeks relief under 28 U.S.C. § 2255 from his sentence on the grounds (a) that financial difficulties—some assertedly new—justify reducing the amount of restitution; (b) that the amount of restitution improperly includes amounts paid by the EPA for studies set forth in substantive counts with respect to which petitioner was acquitted; (c) that EPA losses not directly traceable to petitioner's crimes were improperly included in the restitution ordered; (d) that enhancement of his sentence by six rather than eight offense levels under the United States Sentencing Guidelines was appropriate because the method of calculating the loss incurred by the EPA was incorrect; and (e) that petitioner should receive a two-level reduction in offense level because he accepted responsibility for his wrongdoing at the time of sentence.

I deny the application.

## II

■ In determining appropriate restitution at the time of sentencing, I considered both petitioner's financial difficulties and his high level of intelligence and acumen, suggesting significant possibilities for future earnings by him after completion of his sentence of imprisonment. Gaind testified at his trial. He exhibited extraordinary ability to recall and to organize details into a structure, to foresee potentially advantageous lines of activity, to influence the behavior of others, and to seize opportunities open to him. Gaind is one of the more brilliant business executives likely to be found, but he allowed his ambition to lead him into falsification when honesty might have accelerated the fall of his environmental testing empire. To assume that Gaind cannot find other means of making a living and quite possibly become a dramatically successful business executive would be to ignore reality.

Restitution by an offender for losses caused is pertinent to other aspects of a sentence. In this instance, had restitution been reduced or eliminated, I would have considered a substantial fine, possibly including up to twice the amount gained or lost on account of the crime. 18 U.S.C. § 3571(d).

■ Where financial gain is the motive for crime having substantial adverse effects on the public, reallocating the loss to the wrongdoer by means of an adequate financial sanction is vital to the purposes of sentencing under 18 U.S.C. § 3553. Such sanctions may in some cases, including that of Gaind, be imposed as a partial substitute for imprisonment.

Gaind seeks by the present motion to whittle away at one portion of his sentence without reopening the remainder, with the consequence, if successful, of unbalancing the whole.

Reducing otherwise appropriate restitution because of improbable negative estimates of petitioner's future income or assets would be inappropriate. See *Gallardo v. United States*, 1994 WL 228476, 1994 U.S. Dist. LEXIS 6129 (S.D.N.Y. May 9, 1994, 94 Civ. 0551).

## III

■ Petitioner argues that at least some of the losses incurred by EPA in connection with payments for worthless backdated environmental test reports covered by the conspiracy of which petitioner was convicted cannot be grounds for restitution if petitioner was acquitted of a separate substantive count involving a particular test. A conspirator is, however, responsible for all crimes committed in furtherance of the conspiracy even if he was not separately involved in some of them so as to support a separate substantive conviction. Petitioner's reliance on *United States v. Diamond*, 969 F.2d 961 (10th Cir. 1992), involving restitution for conduct of which the defendant was not convicted, is misplaced.

While use of *Pinkerton v. United States*, 328 U.S. 640, 646–48, 66 S.Ct. 1180, 1183–84, 90 L.Ed. 1489 (1946) to enhance sentences of

imprisonment requires separate analysis, recoupment of financial loss caused by a conspiracy to which one adheres is appropriate. Such recoupment is particularly important to protect the public from systematic criminal activity and to deter efforts to profit from crime while avoiding ready traceability of the losses. See 18 U.S.C. § 3571(d) (permitting fine equal to twice the gain or loss involved in criminal activity), discussed in *United States v. Thompson*, 837 F.Supp. 585 (S.D.N.Y.1993) (forfeiture).

## IV

Gaind's contends that the EPA did not lose the full amount paid to petitioner's organization for environmental tests taken during the period of the conspiracy. This ignores reality. See generally *United States v. Brach*, 942 F.2d 141 (2d Cir.1991). Where tests relied upon as scientific are undermined by fraudulent entries into the record, their use in obtaining compliance with environmental laws is destroyed.

Gaind's argument that his restitution should be reduced is particularly ironic because the restitution procedure does not make it readily possible to take into account environmental damage which may still be in the process of being produced. Samples passed as confirming lack of pollutants because of the failure to test those samples promptly may be causing continuing harm which quite literally cannot be calculated. Compare *United States v. Steinschreiber*, 219 F.Supp. 373 (S.D.N.Y.1963), *aff'd* 326 F.2d 759 (2d Cir.1964), *cert. denied* 376 U.S. 962, 84 S.Ct. 1125, 11 L.Ed.2d 981 (1964) (redating of blood plasma to make it appear usable after expiration).

The full cost of Arun Gaind's conspiracy may never be measured. That cost included not only loss of the taxpayer's money paid for stale and hence misleading reports, but nonmeasurable losses of public confidence in the reliability of the EPA's work, and the expense of developing additional, necessarily expensive, safeguards to reduce the risk of repetition of conspiracies of this type. Additional restitution for intangible losses could properly have been imposed. Where illegality is established, damages may be estimated if precise measurement is impracticable. *Texaco v. Hasbrouck*, 496 U.S. 543, 110 S.Ct. 2535, 110 L.Ed.2d 492 (1990); *Bigelow v. RKO*, 327 U.S. 251, 66 S.Ct. 574, 90 L.Ed. 652 (1946); *Eastman Kodak v. Southern Photo Materials*, 273 U.S. 359, 378–79, 47 S.Ct. 400, 405, 71 L.Ed. 684 (1927).

For Gaind to seek to avoid restitution for even the full direct financial loss to the people of this country caused by the conspiracy of which he was convicted would run counter to the basic principle articulated by Justice Cardozo in *The Nature of the Judicial Process* 41 (1921): "No man should profit from his own inequity or take advantage of his own wrong."

## V

Gaind argues that he is entitled to a two-level sentencing guideline reduction based upon acceptance of responsibility because of remorse expressed for the first time at the time of sentence. Such remorse comes too late to be used for that purpose. See *United States v. Castano*, 999 F.2d 615, 617 (2d Cir.1993), quoting U.S.S.G. § 3E1.1, comment, n.2.

Were it relevant, the extent of Gaind's post-conviction acceptance of responsibility might be subject to at least some doubt based upon his continuing contention that his conspiracy was relatively harmless and did not even cost the United States the amounts paid for the backdated reports from which Gaind profited. Gaind's apologies apparently do not extend to doing everything possible to redress the harm he contributed to causing.

SO ORDERED.