NEW YORK CIVIL SERVICE COMMISSION ET AL.
v. SNEAD

No. 75–805.   Decided April 26, 1976

PER CURIAM.

A three-judge District Court was convened in response to appellee's complaint alleging that N. Y. Civil Service Law § 72 (1969), governing leave of absence for mentally unfit civil service employees, denied her the procedural due process guaranteed her by the Fourteenth Amendment of the United States Constitution.   Joined as defendants in her action, which sought both declaratory and injunctive relief, were the appellants Civil Service Commission of the State of New York and its members, and the city of New York.

The District Court sustained appellee's federal constitutional claims, and enjoined the defendants from taking any action under the challenged statutory provision, and also ordered that appellee be reinstated in her civil service position and given backpay by the city of New York.   The city has not appealed from the judgments.

Appellee, in addition to the previously described allegations, also asserted in her complaint that the city of New York in suspending her *had not followed* the procedures set forth in § 72.   She particularly alleged that the doctor who examined her had not been selected

in the manner prescribed by that statute. Appellants have not denied this allegation and, indeed, now acknowledge that the state law was not followed. The record therefore now establishes that the statutory procedure which appellee challenged has not been applied to her. It follows that she may have had a claim under state law against the city of New York; she may indeed have had a claim against the city of New York based on the procedural guarantees of the Fourteenth Amendment by reason of the procedure which the city *in fact* followed in suspending her. Since the city has not appealed, we have no occasion to consider any aspect of her claim against it, other than to say that neither of the claims just described would authorize the convening of the three-judge District Court under 28 U. S. C. § 2281. *Phillips* v. *United States,* 312 U. S. 246, 253 (1941).

> "In so far as it is alleged that the assessments are void because unauthorized by the Arizona statute, the injunction sought is obviously not upon the ground of the unconstitutionality of the state statute as tested by the Federal Constitution." *Ex parte Bransford,* 310 U. S. 354, 358 (1940).

Stripped of these related contentions, appellee's claim against appellant state Civil Service Commission amounts to a request for a determination of the constitutionality of a statute which, while administered by the Commission has never in fact been properly applied by the Commission or indeed by the city of New York to her. Since the record now makes it clear that she has no standing to assert such a challenge, her complaint as to the constitutionality of § 72 should be dismissed. See *Hagans* v. *Lavine,* 415 U. S. 528 (1974).

Appellee asserted no claim against appellant Civil Service Commission and its members other than her constitutional claim. On their appeal, therefore, the

judgment of the District Court as to them is vacated, and the case is remanded with instructions to dismiss appellee's complaint insofar as it sought relief against them.

*So ordered.*

MR. JUSTICE BRENNAN, MR. JUSTICE WHITE, MR. JUSTICE MARSHALL, and MR. JUSTICE BLACKMUN would affirm without hearing oral argument.