Joseph ALPERT and Charles Alpert, Plaintiffs,

v.

Seymour KRAMER and Zane Alpert, Defendants.

Zane ALPERT, Plaintiff on Counterclaim,

v.

Joseph ALPERT and Charles Alpert, Defendants on Counterclaim,

and

Abraham Alpert, and Jack Alpert, Additional Defendants on Counterclaim.

No. 86 Civ. 8093 (VLB).

United States District Court, S.D. New York.

March 25, 1992.

Michael D. Hess, Gelberg & Abrams, New York City, for plaintiff.

Steven G. Eckhaus, New York City, for Joseph, Charles, Abraham and Jack Alpert.

Lawrence D. Bernfeld and Elaine M. Reich, Graubard Mollen Horowitz Pomeranz & Shapiro, D.S. Bab, Bresler & Bab, New York City, for such parties being relieved.

Kronish, Lieb, Weiner & Hellman, New York City, for defendants.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This hybrid intra-family and business dispute involves a complaint for alleged improper intrusion and interference with plaintiffs' business premises as a result of abusive implementation of a state court order, and counterclaims asserting violations of RICO and other illegalities flowing from failure to live up to a 1942 agreement to share future family assets.

On July 2, 1992, I signed an order as follows: "Based on lack of activity in this case which is now on the Suspense Calendar, the case including both claims and counterclaims will be dismissed without prejudice six months from the date of this order unless otherwise ordered."

For the reasons which follow, I now dismiss the case in its entirety without prejudice under the conditions set forth below. I also grant the motion to substitute Steven

G. Eckhaus, Esq. and Eckhaus & Olson for Bresler & Bab and George Bresler as attorneys for Seymour Kramer and Zane Alpert in this case, so that any future papers, should any be served or filed, will be served on such new counsel.

## II

It appears that state remedies were never pursued for the alleged abuse of the state court order pursuant to which the claimed interference with plaintiffs occurred. At a hearing on a motion to dismiss the counterclaims held on March 13, 1992, I raised this problem concerning the complaint with the parties.

I also pointed out to the parties that the 1942 agreement on which the counterclaims ultimately rest contemplated that any disputes would be settled, not by judicial means, but by a family council consisting of certain male members of the family. Apart from the problems posed by the gender discrimination contemplated for the machinery set up by the 1942 agreement, see *Shelley v. Kraemer*, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948), judicial enforcement of the 1942 agreement would involve questions of its binding character with respect to nonsignatories and potentially unforeseeable subsequent events. I pointed out to the parties, however, that the concept of some form of nonjudicial settlement of intrafamily disputes set forth in the 1942 agreement might well have continuing merit.

▮ On March 25, 1992 I signed an order (a copy is attached and made a part of this order), setting forth potential settlement procedures the parties were directed to explore, and questions concerning the merits of their respective asserted federal claims which the parties were directed to answer if any of them wished to pursue this case. None of the parties has seen fit to respond to these questions.

No cause for retaining this case in this court having been shown by any party, it is dismissed in its entirety without prejudice.

## III

Counsel are directed to furnish copies of this order to the parties they represent, and to discuss with them the advantages of settling all litigation between them through an appropriate mediation or arbitration procedure.

▮ Prior to seeking to reinstate this case or initiating any further litigation concerning any related matter, the parties are directed to pursue the settlement options outlined in the March 25, 1992 order. Should any party wish to reinstate this case or any portion of it, or to assert any claims against any other party to this case in any federal court, such filing must be accompanied by copies of this order and that of March 25, 1992, and by affidavits describing the efforts which have been made by the filing party to pursue the means of settlement set forth on pages 1–2 of the March 25 order. Such affidavits should not, however, describe the responses of any other party (see Federal Rules of Evidence, Rule 408).

If in such filing, any of the claims involved in the present case are sought to be revived, the application must be accompanied by a memorandum of law not to exceed ten pages responding to the questions set forth in my March 25, 1992 order.

The clerk is directed to close this case.
SO ORDERED.

## ORDER

At the argument on motions to dismiss the counterclaims held on March 13, 1992 it was agreed that the parties would devote the next sixty days to efforts to settle this case. The parties are requested to consider:

(a) direct negotiation by counsel,

(b) tripartite arbitration,

(c) reference to a United States Magistrate Judge for settlement, trial on the merits or arbitration,

(d) selection of an individual neutral umpire by name to mediate and if necessary arbitrate all disputes and implementation of agreements made, utilizing informal

rather than formal factfinding procedures if so agreed by the parties, and

(e) presentation of appropriate problems to Hon. Eve Preminger, Surrogate of New York County.

Counsel for the parties will notify the court of the outcome.

In the event the case is not settled, the plaintiffs may file a further brief not to exceed twenty (20) double spaced pages addressing the questions raised by the court at the argument on March 13, 1992 and other questions relevant to whether the complaint states a claim on which relief can be granted, and counterclaim plaintiffs may file a further brief not to exceed twenty (20) double spaced pages addressing the questions raised by the court concerning whether the counterclaims state claims on which relief can be granted.

These briefs may address the following questions among others:

CONCERNING THE COMPLAINT:

1. Can assertedly unconstitutional behavior by private parties allegedly under color of state law which violates state law constitute a 42 U.S.C. 1983 violation? See *New York Civil Service Commission v. Snead,* 425 U.S. 457, 96 S.Ct. 1630, 48 L.Ed.2d 88 (1976).

2. Can private litigation conduct not involving greater state involvement constitute state action for purposes of a 1983 suit? See *Edmonson v. Leesville Concrete Co.,* — U.S. ——, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991).

CONCERNING THE COUNTER-CLAIMS:

1. Is civil RICO dependent upon a criminal violation and if so can the requisite criminal intent be made out given the room for differences of interpretation of the agreements involved in the counterclaim? See generally *United States v. Regent Office Supply Co.,* 421 F.2d 1174 (2d Cir. 1970).

2. Can a counterclaim be brought based on asserted litigation abuse in state court where state remedies are available? See *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), overturned on

another point, discussed in Monaghan, "State Wrongs, State Law Remedies, and the Fourteenth Amendment," 86 Colum.L.Rev. 979 (1986).

3. Was judicial enforcement of the agreements asserted in the counterclaims intended, beginning as they did with a 1942 agreement contemplating other dispute resolution? See *Groves v. Ring Screw Works,* 498 U.S. 168, 111 S.Ct. 498, 112 L.Ed.2d 508 (1990) (explicit contractual rejection of judicial enforceability would be recognized).

4. What is the significance of absence of any ⅛ Share or Alpert Family Fund being mentioned as such in any document?

Pending resolution of whether this case can be settled, it placed on the Suspense Calendar.

SO ORDERED.