Stuart JACOBSON, et al., Plaintiffs,

v.

Irving COHEN, et al., Defendants.

No. 85 Civ. 2730 (VLB).

United States District Court,
S.D. New York.

Oct. 7, 1993.

Elizabeth Toll and Herbert Beigel, Beigel & Sandler, Ltd., New York City, for plaintiffs.

John Shields, Virag & Virag, New York City, for defendants Jonathan T. Bromwell & Associates, the Madison Library, Inc., Geoffrey Townsend Inc., Monroe Anthology, Inc., and Universal Pub. Resources.

Kevin J. Brennan, Dwyer & Brennan, New York City, for Gallen defendants.

Stuart C. Levene, Ford, Marrin Esposito & Witmeyer, New York City, for third-party defendant David Dahl.

David Steckler, Rifkin Radler Dunne & Bayh, Uniondale, NY, for third-party defendant Arthur Taub.

Gerald T. Ford, Siff Newman Rosen & Parker, Newark, NJ, for third-party defendant Raymond Helvey.

Richard M. Fricke, Lilly Sullivan Purcell Barkan & Junge, P.C., New York City, for third-party defendant Albert Fosha.

Bernard Kraft, Bernard Kraft, P.A., Towson, MD, for third-party defendant Stephen Varanko.

Joel Sprayregen, Shefsky Saitlin & Froelich, Ltd., Chicago, IL, for third-party defendant Ronald Chason.

### SECOND SCHEDULING ORDER

VINCENT L. BRODERICK, District Judge.

### I

At a settlement conference held on September 22, 1993 in these twenty-three closely-related cases alleging securities fraud, the parties agreed to pursue efforts to resolve this litigation as discussed at the conference. I modify my order of June 8, 1993 with respect to the scheduling of this litigation to the extent set forth below.

The number of parties and the nature of the contentions with respect to multiple investments, together with the documentation involved, make the "formulation and simplification of the issues" under Fed.R.Civ.P. 16(c)(1) particularly important. Rule 16(c)(10) also contemplates "the need for adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties ... or unusual proof problems."

The bellwether complaint in this litigation, limited to nine plaintiffs and their claims for the year 1983, is a first step in considering proper utilization of Fed.R.Civ.P. 16 in this instance.

I am directed by Fed.R.Civ.P. 1, sentence 2 to seek "to secure the just, speedy and inexpensive determination of every action."[1] A means of furthering the goals of both Fed.R.Civ.P. 1 and 16 at this stage of the present litigation is to assure that those issues which can be determined as a matter of law because of the absence of a genuine issue of material fact are determined before witnesses are called. This objective, served by Fed.R.Civ.P. 56, was given additional impetus by a 1986 trilogy of Supreme Court rulings, *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ *Celotex* made it clear that a party may, without submitting affidavits, challenge an adversary having the burden of proof to come forward and establish that a genuine issue of material fact with respect to each of its contentions exists. *Celotex* also indicates that the court may require such a showing on its own motion:

> "... [D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice [to] come forward with all of [the party's] evidence."

477 U.S. at 326, 106 S.Ct. at 2554.

*Matsushita* stated that where a party's position is "implausible," the party "must come forward with more persuasive evidence ... than would otherwise be necessary." 475 U.S. at 587.

■ Pursuant to Fed.R.Civ.P. 16, it is appropriate to ask each party carrying the burden of proof with respect to a claim or affirmative defense to respond to a *Celotex* challenge by establishing a genuine issue of material fact as to the claim or defense, subject, of course, to the requirements set forth in *Matsushita*. Once such submissions have been made, the opposing party must submit enough information to show that its position remains viable under *Matsushita* in light of what the adversary has placed before the court.

■ Part II of this memorandum order sets forth a schedule for implementing these concepts with respect to liability. This schedule is intended to insure notice to all parties that each must overcome a motion for summary judgment or its equivalent in order for its claims or defenses to survive.[2]

## II

In order to complete readiness of this case for trial as set forth above:

(a) Prior to December 1, 1993 the plaintiffs will submit materials pursuant to Rule 7 of my Individual Rules of Practice (rev. 7/93) with respect to each claim asserted. The affidavits and exhibits shall be sufficient to permit me to determine pursuant to Fed. R.Civ.P. 56 whether any or all of the plaintiffs' claims are supported adequately to be

---

1. Rule 1, at one time rarely cited, has been given new importance by the proposed 1993 amendments to the Federal Rules of Civil Procedure adopted by the Advisory Committee and transmitted to the Supreme Court, which would alter Rule 1 by providing that the Federal Rules should be "administered" as well as "construed" to seek the objectives set forth. Although some of the proposed 1993 amendments are controversial, this one is not; the spirit behind the amendment, which is declaratory of the former scope of the Rule, constitutes persuasive authority even prior to its adoption. See *Zendman v. Harry Winston, Inc.*, 305 N.Y. 180, 189 n. 3, 111 N.E.2d 871 (1953) (Fuld, J.) (pertinence of Uniform Commercial Code prior to adoption where consistent with prior law); see also *Eisen, Durwood & Co. v. Toklien*, 794 F.Supp. 85, 87, 23 U.S.P.Q.2d 1150 (S.D.N.Y.1992), *aff'd* 990 F.2d 623 (2d Cir.1993): "Subsequent statutory enactments, although obviously not independently persuasive with respect to the meaning of prior provisions, are relevant to show the reasonableness of a literal interpretation of the plain language of a prior enactment."

The goals of Fed.R.Civ.P. 1, sentence 2 are also emphasized by the Judicial Improvements Act of 1990, Public Law 101–650, 104 Stat. 5089, enacting 28 U.S.C. § 473.

2. Such notice is called for where a motion to dismiss under Fed.R.Civ.P. 12 is converted to a summary judgment motion under Fed.R.Civ.P. 56 by virtue of consideration of material outside the pleadings. Under such circumstances, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

considered at trial.[3] Pertinent portions of testimony or exhibits should be highlighted.

(b) In this connection, the plaintiffs will be deemed to have moved for summary judgment requiring a response by defendants by January 3, 1994 pursuant to Fed.R.Civ.P. 56 to the extent of challenging plaintiffs to furnish adequate proof pursuant to *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), to show that such contentions are supported by genuine issues of material fact. Any reply from plaintiffs pursuant to the claims asserted in paragraph (a) are due by January 31, 1994.

(c) By January 3, 1994 each defendant having an affirmative defense as to which that defendant has the burden of proof will submit materials as in (a) above. Each such defendant will be deemed to have cross-moved for summary judgment as to that defense, requiring a response from plaintiffs by January 31, 1994. Any reply from defendants will be due by February 28, 1994.

(d) Responses to the Fed.R.Civ.P. 56 motions deemed to have been filed will include:

(i) submission of sufficient proof by parties having the burden of proof to survive a Rule 56 motion, and

(ii) submission of sufficient evidence by parties not having the burden of proof on an issue, to establish a genuine issue of material fact where necessary to contradict facts set forth by the adversary.

(e) Where a claim or defense is "implausible," I expect its proponent to submit "more persuasive evidence than would otherwise be necessary" pursuant to *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

(f) Memoranda of law may be submitted by each party not to exceed fifteen (15) pages with respect to all of the above materials filed pursuant to Fed.R.Civ.P. 16 and 56.

**3.** Copies of the descriptions of testimony required by Rule 7.1(b)(1) of my Individual Rules of Practice (rev. 7/93) may, if sworn to by the witnesses and if adequate under Fed.R.Civ.P. 56, also be utilized in connection with the material to be submitted under ¶ (c) below.

(g) Papers filed in accordance with this Second Scheduling Order may incorporate by reference material provided in connection with the defendants' motions submitted pursuant to the June 10, 1993 order; such materials need not be resubmitted.

(h) Where voluminous documents are relied upon, a highlighted, redacted set of the cover pages and those pages deemed critical shall also be furnished. Bulky exhibits shall not be submitted in full but shall be available on request.

The trial readiness date initially set for January 3, 1994 is adjourned to (45) forty-five days after the date of my determination of the issues submitted, should this litigation proceed to trial.

**SO ORDERED.**

A stipulation of agreed facts as to which proof is not necessary is to be submitted, if possible, with the plaintiff's submissions on December 1, 1993. If this is not possible, requests for admissions pursuant to Fed.R.Civ.P. 36 may be utilized.