**UNITED STATES of America**

v.

**Ronnie BRYSER, Gerald Degerolamo, and Vincent Degerolamo, Defendants.**

**Nos. 93 Civ. 5859, 90 Cr. 274 (VLB).**

United States District Court, S.D. New York.

Nov. 16, 1993.

Anthony J. Siano, Asst. U.S. Atty., White Plains, for U.S.

Vincent DeGerolamo, defendant pro se.

Herald Price Fahringer, Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, New York City, for defendant.

MEMORANDUM ORDER

BRIEANT, District Judge.

I

Defendant Vincent DeGerolamo (the "defendant") has moved pursuant to 28 U.S.C. § 2255 to vacate his conviction on grounds that the conduct proven at trial did not constitute mail or wire fraud under 18 U.S.C. §§ 1341, 1343 because of absence of misrepresentation to the alleged victim of the scheme involved. The scheme was one to cause money to be placed with an armored car company for the purpose of stealing it.

Defendant claims that his contention is cognizable now despite affirmance of the con-

viction on direct appeal in *United States v. Bryser*, 954 F.2d 79 (2d Cir.), *cert. denied sub nom. DeGerolamo v. United States*, ——— U.S. ———, 112 S.Ct. 2939, 119 L.Ed.2d 564 (1992) because of an alleged change in applicable law in *United States v. Miller*, 997 F.2d 1010 (2d Cir.1993) and an earlier ruling in *United States v. Evans*, 844 F.2d 36 (2d Cir.1988) and on the ground that these arguments were not pursued by defense counsel, thus constituting inadequate representation.

The Court of Appeals in affirming defendant's conviction on direct appeal specifically held that the scheme described constituted one to defraud within the applicable statutes. *United States v. Bryser*, 954 F.2d 79, 88 (2d Cir.1992).

Defendant has failed to show that a change in the applicable law has occurred since the affirmance of his conviction. Neither inadequate representation by counsel nor any other basis for relief under 28 U.S.C. § 2255 has been shown. Accordingly, I deny the defendant's application.

## II

■ The affirmance of the defendant's conviction was in accord with both current law and long-standing precedent. Direct misrepresentations are only one form of fraud. Deceptive nondisclosures such as enticing a victim into taking steps (such as, here, placing money with what appears to be an honest safekeeping enterprise) based on ignorance of a defendant's scheme to cheat or steal are covered by 18 U.S.C. §§ 1341 and 1343. See, e.g., *United States v. Bohonus*, 628 F.2d 1167, 1171–72 (9th Cir.), *cert. denied* 447 U.S. 928, 100 S.Ct. 3026, 65 L.Ed.2d 1122 (1980); *United States v. Armantrout*, 411 F.2d 60 (2d Cir.1969).[1]

This construction accords with the plain meaning of 18 U.S.C. §§ 1341 and 1343, which prohibits use of the mails or interstate wire facilities to further "any scheme or artifice to defraud *or* for obtaining money or property by means of false or fraudulent

pretenses, representations or promises ..." (emphasis added).

■ The inclusion of the connecting "or" makes it clear that falsehoods are only one form of prohibited fraud; a "scheme or artifice" such as that involved here is a means to deceive as sinister as direct falsehood. Similarly, use of the mails or interstate wire facilities to further fraudulent "pretenses" (such as that the defendant's armored car operation was intended to protect rather than steal the victims' money) is prohibited as effectively as such use in furtherance of false "representations or promises."

## III

The cases cited in defendant's application do not impose any requirement of affirmative misrepresentation for finding a violation of the mail or wire fraud statutes. Instead, they deal with what kinds of property are protected by those laws.

Courts, concerned that the broad antifraud provisions enacted by Congress may be abused through extension to cover what would otherwise be civil rather than criminal violations of intangible rights such as fiduciary duties, have held that some kinds of expectations are not protected by those provisions. The cases cited by defendant, *United States v. Evans*, 844 F.2d 36 (2d Cir.1988) (intangible rights to restrict resale of arms originating in the United States) and *Miller* (involving alleged diversion of corporate opportunity) deal with this problem.

The leading effort to define a distinction in this elusive area was *McNally v. United States*, 483 U.S. 350, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987), holding that bribery of local officials depriving citizens of their honest services was not a scheme to defraud under the mail fraud statute. Congress reacted by enacting a statute directly contrary to *McNally* in 18 U.S.C. § 1346.

■ The breadth of these statutes, designed to bar any kind of fraud human inge-

---

1. *Armantrout* involved the fraudulent nature of a pyramid or "Ponzi" scheme under which each participant could make money by bringing in more participants, who in the end would, on the average, have to lose. See also *Estate of Sheradsky v. West One Bank*, 817 F.Supp. 423 (S.D.N.Y. 1993).

nuity can devise,[2] is balanced by their requirement that deliberate intent to defraud be shown in order for a violation to be established, whether their provisions are invoked directly or as predicates for criminal or civil sanctions sought under the aegis of other laws such as RICO (18 U.S.C. §§ 1961–1968). See *Alpert v. Kramer*, 145 F.R.D. 318, 320 (S.D.N.Y.1992).

## IV

None of the developments touched upon above suggest that the defendant's conviction should be vacated. Defendant's scheme to defraud, established by the evidence at trial, had as its objective the theft of money, not intangibles. Specific intent to defraud and knowledge that what was being done was wrong was also overwhelmingly proven at trial and is not questioned in the present motion.

SO ORDERED.

**2.** The mail fraud statute was passed on March 4, 1909 (35 Stat. 1130), primarily for the purpose or eliminating the requirement of common law fraud that false representations of existing facts be established; no actual loss to the victim is required. See generally Rakoff, "The Federal Mail Fraud Statute," 18 Duq L Rev 771 (1980); N.Y.Penal Law §§ 190.60, 190.65 and Practice Commentary.