UNITED STATES of America,

v.

**Ronnie BRYSER, Gerald Degerolamo, and Vincent Degerolamo, Defendants.**

No. 90 Cr. 274 (VLB).

United States District Court, S.D. New York.

July 7, 1994.

Anthony J. Siano, Asst. U.S. Atty., U.S. Attorney's Office, White Plains, NY, for U.S.

Richard D. Willstatter, White Plains, NY, for defendant.

**MEMORANDUM ORDER**

VINCENT L. BRODERICK, District Judge.

I

A motion filed by defense counsel in this criminal case presents the question of whether or not a defendant may submit an offer of proof concerning testimony which would be offered if a hearing were held, without risking loss of any privilege against self-incrimination by virtue of the offer of proof alone even if no testimony is given.

In dealing with this issue it is important (a) to assure that offers of proof may be freely given to assist the court in determining whether evidentiary proceedings are

needed, without prejudicing or waiving rights of parties concerning whether they may subsequently be compelled to testify, and (b) to assure that the process not be used to insulate information voluntarily provided from itself being used in the proceeding involved or in subsequent proceedings.

## II

Defendant Gerald DeGerolamo (the "defendant") has requested an evidentiary hearing in connection with his resentencing.[1] He has also moved for an order granting him use immunity protecting him from use in any other prosecution of any self-incriminating testimony he may give in connection with his resentencing.

On May 9, 1994 I endorsed the request for such a hearing, ordering that "Prior to any pending hearing, defense counsel is directed to submit an offer of proof" (the "May 9 endorsement"). By letter dated June 28, 1994 defendant's counsel has requested a ruling to allay expressed concern that the offer of proof may constitute a waiver of the defendant's privilege against self-incrimination, such that the defendant could be called before a grand jury in an investigation of wrongdoing relating to the disposition of proceeds of the crime for which defendant was convicted.

## III

■ Counsel's offer of proof for the purpose of assisting the court in determining whether or not it is appropriate to take testimony does not constitute testimony on the part of the client. It is a representation of what counsel expects to show if permitted to do so. See *Polys v. Trans–Colorado Airlines*, 941 F.2d 1404, 1407–11 (10th Cir.1991); *United States v. Lopez*, 944 F.2d 33, 38 (1st Cir.1991). As such it may be used for or against the client for its truth or as a proper

source of clues for further investigation—but not as a basis for inferring a waiver on the part of the client of any right not to testify in the future.

■ Accordingly an offer of proof by counsel will not support compulsion requiring a client of the attorney making the offer to testify before a grand jury notwithstanding an otherwise available privilege. Any contrary ruling would have an adverse effect on ability of courts to secure such offers. Any offer of proof made in response to the May 9 endorsement may not be cited in support of any application to compel the defendant to answer questions under oath in the future.

## IV

■ An offer of proof provided by defendant's counsel would not constitute a waiver of any objection to the client being required to answer future questions for other reasons as well. Waivers of privileges with respect to future testimony are not readily inferred. To infer waivers readily would have a chilling effect on ability to obtain information a person is willing to furnish if any rights to decline to provide other information are reserved for separate consideration on their own merits.

■ Only the making of statements while testifying on direct examination on a defendant's own behalf opens the door for cross-examination and an adverse inference if related information is not provided when requested. See generally *Bouzo v. Citibank*, 1993 WL 525114, 1993 U.S.Dist. LEXIS 17746 (S.D.N.Y.1993).[2] An offer of proof of what a client would say if called does not constitute such affirmative testimony. It need not be treated as opening the door for cross-examination because it may not be used

---

1. Defendant's resentencing was directed in *United States v. Bryser*, 954 F.2d 79, 90 (2d Cir.1992); see also *United States v. Bryser*, 838 F.Supp. 124 (S.D.N.Y.1993).

2. The circumstances under which compulsion other than an adverse inference may be appropriate where a witness testifies on direct to matters which the witness declines to discuss on

cross-examination need not be considered here. See in regard to adverse inferences where relevant information is withheld and any privilege is inapplicable or waived, *Brink's v. City of New York*, 717 F.2d 700 (2d Cir.1983); *RAD Services v. Aetna Casualty & Surety Co.*, 808 F.2d 271 (3d Cir.1986).

in favor of the offering party unless the offer is accepted.

SO ORDERED.