Nathan **EPSTEIN**, a shareholder of National Machinery Exchange, Inc., suing in the right of that entity, Plaintiff,

v.

Joseph **EPSTEIN**, Herbert Epstein, Lawrence Epstein and Jerome Kamerman, Defendants,

National Machinery Exchange, Inc., Nominal Defendant.

No. 86 Civ 9589 (VLB).

United States District Court, S.D. New York.

Dec. 29, 1994.

Franklin H. Snitow, Snitow & Pauley, New York City, for plaintiff.

Jerome Kamerman, Kamerman & Soniker, New York City, for defendant Kammerman.

Michael M. Rosenbaum, Budd Larner Gross, Short Hills, NJ, for Epstein defendants.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This lawsuit involves civil RICO claims filed in 1986 pursuant to 18 U.S.C. § 1964 by

one member of the Epstein family alleging misappropriation by several other family members of corporate opportunities in a family-owned corporation. See *Epstein v. Epstein*, 1993 WL 525115 (S.D.N.Y. Dec. 13, 1993).

■ Applications have been made by plaintiff for a ruling that the civil RICO claims at issue survive the death of defendant Herbert Epstein and may be asserted against his estate, as well as to substitute the Estate of Herbert Epstein as a defendant; the Estate of Herbert Epstein has moved to dismiss the complaint insofar as it concerns Herbert Epstein or his Estate, on the ground that civil RICO claims do not survive the death of the defendant involved.

Both motions for rulings relating to whether or not plaintiff's civil RICO claims against Herbert Epstein survive his death are denied because of the inadequacy of the factual material submitted. Plaintiff's motion to substitute the Estate of Herbert Epstein for Herbert Epstein is granted, but this does not constitute a ruling that the Estate shall or shall not be required to remain a party, a question which cannot be determined until further factual submissions are made.

■ The parties are directed to submit within thirty (30) days of the date of this memorandum order such information as may establish the existence of nonexistence of a genuine issue of material fact in support of the pending civil RICO claims. *Celotex v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); *Jacobson v. Cohen*, 151 F.R.D. 526 (S.D.N.Y.1993). If it is contended that additional discovery is needed for evaluation of this material, the nature of such discovery and what it is expected to show shall be set forth in such detail as is feasible.

## II

■ The civil RICO statute, like other legal documents, are to be construed to achieve their purposes, especially when explicit language is absent, as is the situation with regard to survival of claims against a deceased defendant. As set forth by Chief Justice Harlan F. Stone:

To decide, we turn to the words ... read in their historical setting as revealing the purposes of its framers, and search for admissible meanings of its words which, in the circumstances of their application, will effectuate those purposes.

*United States v. Classic*, 313 U.S. 299, 317–18, 61 S.Ct. 1031, 1038–39, 85 L.Ed. 1368 (1941).

■ The civil RICO statute was intended to protect victims of serious, systematic criminal behavior and to deter such behavior. See generally Measures Relating to Organized Crime: Hearings before the Subcommittee on Criminal Laws & Procedures, Senate Judiciary Committee, 91st Cong., 1st Sess. (1969).

■ Because of the wide sweep of civil RICO if these requirements are not enforced, the enhanced consequences of violations including treble damages and legal fee shifting, courts are cautious in permitting civil RICO suits to proceed except where a pattern of racketeering activity indicates a continuity of past or future violations. *H.J. v. Northwestern Bell*, 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989); *Calcasieu Bank v. Grant*, 943 F.2d 1453 (5th Cir.1991).

■ In accord with its underlying purposes, civil RICO requires that evidence of criminal intent be provided to the same extent as for a conviction of the predicate crimes alleged. See *In re Cedar Hill Cemetery Litigation*, 853 F.Supp. 706 (S.D.N.Y. 1994); *United States v. Bryser*, 838 F.Supp. 124 (S.D.N.Y.1993). Where a scheme to defraud under the mail fraud section (18 U.S.C. § 1341) or similar criminal statutes is asserted, evidence from which a reasonable factfinder could find criminal intent beyond a reasonable doubt is necessary. This standard is not satisfied merely because fraud as used in civil litigation generally may be inferred. See *United States v. Regent Office Supply Co.*, 421 F.2d 1174 (2d Cir.1970); *United States v. Walters*, 913 F.2d 388, 391–92 (7th Cir.1990); *United States v. Hedges*, 912 F.2d 1397 (11th Cir.1990).

## III

It would run counter to the objectives of civil RICO to permit the estate of a deliberate wrongdoer to retain ill-gotten gains secured by illegal activity or their direct or indirect proceeds. Compare Fed.R.Crim.P. 41(b)(2) ("fruits of crime" subject to seizure); 18 U.S.C. § 3571(d) ("If a person derives pecuniary gain from the offense, or if the offense results in pecuniary loss to a person other than the defendant, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss"); *United States v. Thompson*, 837 F.Supp. 585 (S.D.N.Y.1993).

It would run equally counter to the objectives of civil RICO to determine that drastic consequences may be imposed on presumably innocent inheritors from an estate without an evaluation concerning whether or not criminal intent can be inferred from the facts and whether or not proceeds of ill gotten gains may have reached the estate. Treatment of peripheral figures in the same way as masterminds of wrongdoing merely because the same statutory language describes the misconduct of both is inappropriate in civil cases as in sentencing. See *United States v. Caruso*, 814 F.Supp. 382 (S.D.N.Y. 1993); Violent Crime Control and Law Enforcement Act of 1994, Public Law 103–322, Title VII § 80001 (Sept. 13, 1994) (creating exceptions to application of mandatory minimum sentencing provisions).

■ Survival of a civil RICO claim upon death of plaintiff is necessary to uphold the purposes of the statute. *Faircloth v. Finesod*, 938 F.2d 513 (4th Cir.1991). By contrast, absence of uniform outcomes concerning whether or not a civil RICO claim survives the death of a defendant [1] suggests that a the issue is fact-intensive and not necessarily susceptible of formulation of a reliable uniform rule. Cases upholding survival of a plaintiff's claim present entirely different issues.

Accordingly, the question of whether or not a civil RICO plaintiff can establish a genuine issue of material fact with respect to that claim should be explored prior to ruling on whether or not a civil RICO claim survives the death of a defendant, and if so to what extent. The court has the authority to request information necessary to determine the existence or nonexistence of such a genuine issue. *Celotex v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); *Jacobson v. Cohen*, 151 F.R.D. 526 (S.D.N.Y.1993).

■ When challenged on a summary judgment motion under Fed.R.Civ.P. 56, seeking to determine whether or not evidence of deliberate evildoing is not "plausible," the claimant "must come forward with more persuasive evidence ... than would otherwise be necessary." *Matsushita v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

## IV

■ This case, involving a combined family and business dispute, lends itself to risks of unnecessary hostility between the parties leading to counterproductive escalation of the cost of litigation and interference with focus of the parties on more profitable or useful activities. See *Alpert v. Kramer*, 145 F.R.D. 318 (S.D.N.Y.1993).

Settlements in such cases are both extremely difficult to arrange and extremely important to the parties. The parties are directed to consider agreement on an impartial arbitrator with plenary power to resolve all outstanding disputes. See Judicial Improvements Act of 1990, Public Law 101–650, 104 Stat. 5089, enacting 28 U.S.C. § 473.

SO ORDERED.

---

**1.** See *Confederation Life Ins. Co. v. Goodman*, 842 F.Supp. 836 (E.D.Pa.1994); *Republic Pension Services v. Finger*, 1988 WL 22579 (E.D.N.Y. 1988); *Washburn v. Brown*, 1988 WL 130021 (N.D.Ill.1988).