| | | |
|---|---|---|
| CHARLES HOLIFIELD, | ) | |
| | ) | Davidson Chancery |
| Plaintiff/Appellant, | ) | No. 96-3325-III |
| | ) | |
| VS. | ) | |
| | ) | Appeal No. |
| TDOC COMMISSIONER DONAL | ) | 01A01-9806-CH-00291 |
| CAMPBELL, CORRECTIONS CORP. | ) | |
| OF AMERICA, | ) | |
| | ) | |
| Defendants/Appellees. | ) | |

**FILED**

October 21, 1998

Cecil W. Crowson
Appellate Court Clerk

## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

### APPEAL FROM THE CHANCERY COURT OF DAVIDSON COUNTY
### AT NASHVILLE, TENNESSEE

### HONORABLE ELLEN HOBBS LYLE, CHANCELLOR

Charles Holifield, #154529
S.C.C.F. Annex Section C-130
P.O. Box 279, Carroll Road
Clifton, Tennessee 38425
PRO SE/PLAINTIFF/APPELLANT

Patricia Kussmann, #15506
Assistant Attorney General
425 Fifth Avenue North
Cordell Hull Building, Second Floor
Nashville, Tennessee 37243-0488
ATTORNEY FOR DEFENDANTS/APPELLEES

### MODIFIED, AFFIRMED AND REMANDED.

HENRY F. TODD, JUDGE

CONCURS:
BEN H. CANTRELL, P.J., M.S.
WILLIAM C. KOCH, JR., JUDGE

| CHARLES HOLIFIELD, | ) | |
|---|---|---|
| | ) | **Davidson Chancery** |
| Plaintiff/Appellant, | ) | No. 96-3325-III |
| | ) | |
| VS. | ) | |
| | ) | **Appeal No.** |
| TDOC COMMISSIONER DONAL | ) | **01A01-9806-CH-00291** |
| CAMPBELL, CORRECTIONS CORP. | ) | |
| OF AMERICA, | ) | |
| | ) | |
| Defendants/Appellees. | ) | |

# **O P I N I O N**

One of the plaintiffs, Charles Holifield, a prisoner in the custody of the Tennessee Department of Correction, has appealed from the dismissal of his suit against the Commissioner of Correction and Corrections Corporation of America for failure to state a claim for which relief can be granted. The other plaintiff joined in the complaint but has not appealed.

The failure to state a claim for which relief can be granted is determined from an examination of the complaint alone. *Wolcotts Financial Services, Inc. v. McReynolds*, Tenn. App. 1990, 807 S.W.2d 708.

The "Complaint for Declaratory Judgment" alleges:

> 1. The suit is brought "with petition for declaratory order" pursuant to the Administrative Procedures Act: T.C.A. § 4-5-101 et. seq. - - - and pursuant to T.C.A. § 29-14-101 et. seq. - - -.

> 2. Plaintiffs are incarcerated in an institution of the Department of Correction managed by Corrections Corporation of America.

Exhibit I to the petition is a collection of documents relating to a "Grievance" filed by Larry Carter, a party to the petition in the Trial Court who did not appeal and is not before this Court.

Exhibit II to the petition is a collection of "unofficial copies" of directives of the Commissioner regarding furloughs.

Exhibit III is a "Petition for Declaratory Order," filed with the Department by Larry Carter, a party in the Trial Court but not in this Court, and Robert Thompson, not a party in either court.

Exhibit IV is the response of the Department to the petition of Carter.

Not marked exhibits, but filed with the petition in the Trial Court are the affidavits of Holifield, Carter, and non parties Jesse Williams, Hakim Israel and Billie Hallimark.

By amended petition, Carter and Holifield presented new Department Policies effective December 1, 1996.

The Trial Court entered an order dismissing Corrections Corporation of America for failure to state a claim for which relief can be granted.

The petitioners filed a "Motion for the Court to take Judicial Notice," stating:

> Throughout the petitions, both the original and amended, the petitions have only sought a declaratory order in reference to being only eligible for furlough consideration pursuant to the Legislature's intent in T.C.A. 41-21-227. NOT THAT THEY HAVE ANY RIGHT TO BE GRANTED OR TO TAKE A FURLOUGH.

The Trial Court entered its final judgment sustaining the motion of the Department to dismiss for failure to state a claim for which relief can be granted. The judgment concludes:

> In that plaintiffs have qualified to proceed as paupers, the Court assesses only state litigation tax.

The qualification as a pauper does not exempt a litigant from liability for costs. The judgment is modified to adjudge all trial court costs against the plaintiff and to award execution therefor.

The appellant, Holifield, presents the following issues for review:

1. Did the Chancery Court of Davidson County err when dismissing appellant's petition pursuant to the Administrative Procedures Act and Declaratory Judgment Act adjudicating that "Tennessee Code Annotated 41-21-227 does not create a liberty interest in furlough eligibility."

2. Did the Chancery Court of Davidson County err when dismissing Corrections Corporation of America from this lawsuit for Declaratory Judgment under the Administrative Procedures Act.

3. Did the Chancery Court of Davidson County err when dismissing this action when appearing the Commissioner of Corrections, Donal Campbell, is acting in Quo Warranto, in violation of the separation of powers clause in the Tennessee Constitution.

T.C.A. § 41-21-227 provides in pertinent part as follows:

**Grant of furloughs to inmates**. - (a) The department of correction is hereby authorized and empowered to grant furloughs to the inmates in the adult correction institutions administered and operated by the department.

(b) Such furloughs shall be granted under the rules and regulations prescribed and promulgated by the commissioner of correction or the commissioner's designated representative.

( c) All furloughs shall be made on an individual basis under reasonable conditions to inmates:

(1) In the event of serious illness or death of a member of the inmate's immediate family;
(2) Who have been recommended for parole by the parole board;
(3) Who have ninety (90) days remaining before release on mandatory parole; or
(4) Who have ninety (90) days remaining before release without parole.

The appellee-commissioner points out that the institution where Holifield is incarcerated "is not considered a pre-release facility," citing the "Inmate Grievance" filed by Carter. The admissions of Carter may be considered in respect to his rights, but not as to the rights of Holifield who did not participate in the admissions.

The Commissioner also points out that the December 1, 1996, policy exhibited to the petition provides for one 48-hour furlough for inmates of the facility occupied by Holifield for the purpose of securing employment or place of residence.

Nevertheless, it does not appear that T.C.A. § 41-21-227 confers a "liberty interest" within the due process provision of the U.S. Constitution Amendment XIV. In order for an enforceable liberty interest to exist, there must be more than a unilateral expectation. There must be a legitimate entitlement to the claimed interest. *Connecticut Board of Pardons v. Dumschat*, 425 U.S. 458, 465, 101 S.Ct. 2460, 2464, 2465, 69 L.Ed. 2d 158 (1981).

State statutes create a privately enforceable right only when the plaintiff is the intended beneficiary, the asserted right is not so "vague and amorphous" as to strain judicial competence, and the statute unambiguously imposes a binding obligation on the State. *Blessing v. Firestone*, 520 U.S. 329, 117 S.Ct. 1353, 1359, 137 L.Ed. 2nd 569 (1997).

A prisoner has no independent constitutional right to conditional release before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103, 60 L.Ed 2d 668, 1979.

Furlough from prison is not a right. It is a privilege of being temporarily outside of the institution. *Bryson v. State*, Tenn. 1990, 793 S.W.2d 252, 256. *Bowser v. Vose*, 968 F. 2d 105 (5th Cir. 1992).

T.C.A. § 42-21-227 does not require the department to grant a furlough to all inmates who apply. It simply enables the department to grant furloughs to those considered worthy of the privilege "on an individual basis."

This Court agrees with the Trial Court that the petition fails to state grounds for the courts to force the department to grant a furlough to him or any other prisoner on demand.

-6-

As stated in Carter's "Motion for the Court to take Judicial Notice," prisoners may have a right to request a furlough, but not a right to be granted a furlough. The discretion as to granting furloughs is left to the department on a case by case basis.

The judgment of the Trial Court is modified as to costs as heretofore set out. As modified, said judgment is affirmed. The cause is remanded to the Trial Court for further proceedings in conformity with this opinion.

**MODIFIED, AFFIRMED AND REMANDED.**

_____
HENRY F. TODD, JUDGE

CONCURS:

_____
BEN H. CANTRELL, P.J., M.S.

_____
WILLIAM C. KOCH, JR., JUDGE