**Noris CRUZ, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary, U.S. Dep't of Health and Human Services, Defendant.**

**No. 91 Civ. 6036 (VLB).**

United States District Court, S.D. New York.

Sept. 28, 1992.

---

David S. Udell, Toby Golick, Jonathan A. Weiss, New York City, Legal Services for the Elderly, for plaintiff.

Sapna A. Raj, Sp. Asst. U.S. Atty., U.S. Attorney's Office, New York City, for defendant.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

This case involves a claim for review of denial of disability benefits, brought under 42 U.S.C. §§ 405 and 1383 as well as 28 U.S.C. § 1361. Plaintiff, who has no education, cannot read or write and speaks no English, was part of a class of applicants granted a further hearing on disability ben-

efit applications as a result of the Supreme Court's decision in *Bowen v. City of New York,* 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). Plaintiff asserts that the administrative hearing was conducted by an Administrative Law Judge who is the subject of an administrative proceeding seeking removal for failure to apply controlling law and for depriving *pro se* claimants of their rights.

The ALJ rendered an adverse decision on September 10, 1990 which was sent to plaintiff by regular mail and received on an unknown date. The Secretary contends that under 20 CFR 404.960, 416.1460, a request for review by the Appeals Council must take place within 60 days from the date of receipt of the notice of the ALJ's decision (which is not pinpointed in the current case and is not documented by any return receipt). Plaintiff's affidavit asserts that a letter requesting review dated November 20, 1990 was received by the Appeals Council on November 23, 1990 according to a return receipt attached to her affidavit as part of Exhibit C, p. 6, whereas the Secretary treats the request as "not having been received by the Appeals Council until January 14, 1991" (Secretary's Memorandum of Law at 2). While the Secretary filed a reply memorandum, it contains no discussion of these discrepancies or of the questions raised concerning the impartiality of the ALJ. On July 8, 1991, the Appeals Council dismissed the request for review and found no good cause for "the untimely filing." Id. at 2.

■ Plaintiff has sought her files as well as documents pertaining to implementation of administrative timeliness requirements. Defendant moves to dismiss on the grounds that absence of any final decision by the Appeals Council on the merits deprives the court of jurisdiction and that the appeal to the Council was untimely, and for a protective order on the grounds that discovery is not authorized in appeals based on the administrative record.

■ A hearing can be held by a district court to determine jurisdictional as well as other issues where appropriate pur-

suant to Rule 12(d), Fed.R.Civ.P., and the court has, of course, clear jurisdiction to determine its jurisdiction. The administrative record is silent on the date of actual receipt of the mailing of notice of the adverse ALJ decision or the basis for the January, 1991 date of receipt of the request for Appeals Council review (which seems to contradict a relevant return receipt).

Moreover, facts which may create serious statutory and constitutional issues of Fifth Amendment due process concerning the role of the ALJ in this case have been asserted by plaintiff, to which the Secretary has furnished no response.

■ I find it would be inappropriate to grant the Secretary's motion to dismiss until a factual response from the Secretary on these subjects is submitted together with a discussion of their potential relevancy. The *Bowen* case and other authorities make it clear that fundamental fairness in administrative proceedings is a prerequisite for judicial recognition of its results. See generally *Amberg v. FDIC*, 934 F.2d 681 (5th Cir.1991) (nonstatutory internal procedures relating to timeliness). Any other position would not be "worthy of our great government," *United States v. Sears, Roebuck & Co.*, 778 F.2d 810, 818 (D.C.Cir. 1985). It may turn out in this instance that plaintiff did all that she could do given her circumstances, in which event a finding of untimeliness would be inappropriate. See *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). At this juncture, consideration of whether an untimeliness finding if based on correct facts is a final decision subject to judicial review appears premature. It would appear to raise substantial procedural and perhaps constitutional questions if an agency acted on undisputably false assumptions and then claimed its decision was not subject to challenge, a position not now asserted in the present case, since no comment at all on various issues raised by plaintiff has as yet been forthcoming. See generally *Webster v. Doe*, 486 U.S. 592, 108 S.Ct. 2047, 100 L.Ed.2d 632 (1988); *Lindahl v. OPM*, 470 U.S. 768, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985).

■ The matter of discovery on the merits is, of course, premature until jurisdiction is determined. The issue of discovery relevant to jurisdiction may not have to be confronted if the Secretary submits material sufficient to resolve the controversy over timeliness; failure to do so may, indeed, form the basis for an adverse inference. See generally *Interstate Circuit v. United States*, 306 U.S. 208, 225–26, 59 S.Ct. 467, 473–74, 83 L.Ed. 610 (1939). For an administratively delayed date stamp to be conclusive in the face of a contrary return receipt without explanation would mean that the administrative procedures contained "an inherent 'potential for abuse'" and had by means of such abuse been "subverted," *Indian Head, Inc. v. Allied Tube & Conduit Corp.*, 817 F.2d 938, 947 (2d Cir.1987), *aff'd* 486 U.S. 492, 108 S.Ct. 1931, 100 L.Ed.2d 497 (1988), clearly a result which, if presented, would not be countenanced by this court.

Accordingly, the motion to dismiss is denied at this time subject to renewal upon proper submission as set forth in this Memorandum Order; discovery is stayed pending resolution of the motion to dismiss.

These dispositions, however, will doubtless tend to delay adjudication of plaintiff's claims on the merits. Moreover, informal discussion of the issues may lead to agreements on the facts or on resolution of other aspects of the case.

Consequently, a conference will be held concerning the status of this case on Monday, November 16, 1992 at 10 A.M. At that time, the Secretary's motions, if resubmitted, may be considered, together with all other pertinent matters.

In the interim, counsel for the Secretary is directed to consider whether it would be appropriate for the Secretary:

(a) to order a new hearing *de novo* before a different ALJ in this case, and/or

(b) to direct the Appeals Council to reconsider plaintiff's case on the grounds that no firm date of receipt of the original ALJ decision can be fixed, and that the

reliability of timeliness measurements in that office appears to be flawed.

SO ORDERED.