**Nanci DICKMAN, Plaintiff,**

v.

**F.D.R. VA HOSPITAL and Lee Kauper, Director, Defendants.**

**No. 92 Civ. 4960 (VLB).**

United States District Court, S.D. New York.

May 6, 1993.

Nanci Dickman, pro se.

Linda A. Riffkin, Sp. Asst. U.S. Atty., New York City, for defendants.

### MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

I

This case involving a claim for a relatively small amount of money brought by an unrep-

resented plaintiff, raises important challenges concerning how justice can most effectively be done in the United States district courts in cases of that nature with reasonable speed, at costs the parties can afford, and so as to insure a proper result.

The present suit is a claim for back pay for a period of less than a month. It has been brought by Nanci Dickman ("Ms. Dickman"), a former employee of the F.D.R. VA Hospital (the "VA Hospital"). But for applicable federal statutes the case would be handled as similar cases are handled in Small Claims court within state systems. See, e.g., N.Y. City Civil Court Act Art. 18.

In 1980, Public Law 96–486 eliminated the former jurisdictional amount requirement for cases involving federal questions brought under 28 U.S.C. § 1331. That law swept away a complex procedural thicket, encompassing the need to determine whether the jurisdictional amount had been met in close cases, or in those involving nonmonetary relief. See Ilsen & Sardell, "The Monetary Minimum in Federal Court Jurisdiction I," 26 St. John's L.Rev. No 1 at 1 (1954). It likewise eliminated the need to interpret the outer perimeters of other jurisdictional statutes which were possibly applicable to cases in which the monetary minimums might not have been met, e.g., 28 U.S.C. § 1337, applicable in cases involving statutes regulating interstate commerce.

In amending 28 U.S.C. § 1331 to abolish the amount-in-controversy requirement, Congress brought into the federal courts categories of cases of great importance to the litigants, and hence to the courts and the nation. As Judge Edward Weinfeld aptly put it, "every case is important," and as he further pointed out, "a case involving a small sum" is "as important to a poor person as [is] a case involving millions of dollars ... to powerful interests." [1]

The addition of cases involving lesser monetary amounts requires attention to how the Federal Rules of Civil Procedure can best be

---

1. Lubasch, "Judge Edward Weinfeld, 86, Dies; On U.S. Bench Nearly 4 Decades," N.Y. Times, Jan. 18, 1988 at A16.

interpreted to achieve their stated objective of the "just, speedy and inexpensive determination of every action." Fed.R.Civ.P. 1, sentence 2. Procedures which are workable and appropriate in cases which can support the expense involved simply do not make sense in what may properly be called the federal small claims context.

Many citizens involved in litigation of this type, which often grow out of employment relationships touched by numerous federal statutes including ERISA and anti-discrimination laws, cannot readily afford counsel. Legal aid and legal service organizations, facing monetary stringency, must ration their resources; they deal with the most exigent emergencies and cases with broad ramifications, and often do not have the resources to represent individual plaintiffs.[2]

Where an affirmative and potentially fee-generating private claim is brought it has been recognized that intensive screening must precede provision of free counsel. This court's Pro Se Office performs yeoman work in obtaining *pro bono* counsel for many civil plaintiffs. It can only succeed, however, where the simplicity of resolving the case, the egregious nature of the alleged violation of the party's federal rights, the broader importance of the case, and other factors, lead potential counsel to volunteer to take the case. Often substantial time elapses before counsel can be obtained, and in many instances counsel is never successfully recruited at all. Some cases may remain on the suspense calendar while the search for counsel continues, with attendant delay in ultimate adjudication.

## II

Even without counsel on both sides, *pro se* litigation can proceed and is frequently successful. In the case of federal small claims involving relatively small sums of money individually, but large amounts in the aggregate, it is often counterproductive for individual *pro se* parties to take time off from work to make repeated court appearances. Such personal appearances may also turn out to be nonproductive if the materials required for decision on the spot are not produced at the time of the court date.

■ Another option is to utilize, at least initially, factual submissions by both sides on papers. See Special Committee on Consumer Affairs, "Consumer Claims Against Out-of–State Businesses," 31 Record of The Ass'n of the Bar of the City of New York 597 (1976).

Summary judgment under Fed.R.Civ.P. 56 based on papers is frequently available, inasmuch as disputes often concern the interpretation of, and legal consequences resulting from, undisputed first-level or observational facts. *Pro se* plaintiffs are frequently capable of setting forth a narrative of their version of the case, having it notarized and sent to the court and opposing counsel, and attaching copies of relevant documents. This puts the burden on the court to attach the appropriate legal characterizations to what is said, subject to the comments of the opposing party.

■ Where summary judgment is denied because a genuine issue of material fact exists, the court may nevertheless resolve controlling legal issues by memorandum order or make partial rulings under Fed.R.Civ.P. 56(d). This may at times lead to prompt settlement. An institutional party represented by counsel can, of course, readily interpret the significance of such rulings and give advice to the client accordingly. See *Shea v. Road Carriers Local 707*, 818 F.Supp. 631 (S.D.N.Y.1993).

## III

■ The present suit was originally brought in state court. Ms. Dickman indicated in a letter to the court of August 21, 1992,

---

**2.** Where a natural person is a defendant, forced involuntarily to participate in the litigation process, a particular need to obtain *pro bono* counsel has been recognized, provided a genuine potential defense appears to exist. This led the New York Regional Consumer Protection Council, a coalition of state, federal and local agencies, to establish a volunteer panel of attorneys (many engaged in debt collection) to establish a volunteer *pro bono* panel to represent consumer defendants sued in debt collection cases who appeared to have a plausible defense. See authorities cited, Practice Commentary, N.Y.Gen.Bus. Law Art. 8 (McKinney's 1988, 1993 pocket part).

"I filed in small claims court so that I could have a speedy hearing on this matter."

The VA Hospital removed the case to this court on July 2, 1992 because a federal officer and federal instrumentality were defendants (28 U.S.C. § 1442). Thereafter the United States Attorney moved to dismiss the complaint based on alleged failure of Ms. Dickman to pursue internal VA remedies. The United States Attorney's papers also set forth the VA's position on the merits, to the effect that Ms. Dickman had been absent, resulting in loss of the pay involved and a reprimand.

The motion to dismiss was withdrawn without prejudice pending a response by Ms. Dickman, who had asked for additional time. Recognizing the sometimes technical nature of the exhaustion-of-remedy defense,[3] Ms. Dickman obtained private counsel, but the arrangement fell apart and she has now applied for appointment of counsel.

It would be desirable from the viewpoint of all concerned for plaintiff to be represented by counsel. Granting plaintiff's application for appointment of counsel, however, would be more likely to produce delay in resolution of this case than success in obtaining *pro bono* representation in a case of this type.

The defendants have given their version of the facts, even though few documents were attached to their motion. Thus Ms. Dickman is in a position, even without counsel, to submit her version of the facts under oath and to attach whatever documents she believes may support her claim, sending the original affidavit to the court and a copy to Assistant U.S. Attorney Linda Riffkin, 100 Church St., New York, NY 10007. This should include any indications of pursuit of administrative remedies available to VA Hospital employees. If this is done, I request the United States Attorney to submit, likewise, any documents supporting defendants' position both as to the merits and as to procedures employed or bypassed.

I shall treat whatever submissions are made by the parties as cross-motions for summary judgment as permitted by Fed.

R.Civ.P. 12(b)(6) and 56. This will allow me to evaluate both the underlying merits of the case and the procedural defense raised by the United States Attorney.

It is my understanding that if the United States Attorney's Office should conclude that the underlying claim has substantive merit even if procedurally barred, settlement may be recommended if appropriate. This is in keeping with the role of the Department of Justice as counsel to federal agencies and its power to settle litigation. See 28 U.S.C. § 2414, third paragraph; *United States v. Medlin,* 767 F.2d 1104, 1107 (5th Cir.1985).

If Ms. Dickman makes no submissions by August 2, 1993, I shall dismiss this case for lack of prosecution without prejudice to its renewal later if appropriate. I deny the motion for appointment of counsel at this time without prejudice to renewal if appropriate.

SO ORDERED.

---

**3.** See, e.g., *Bowen v. City of New York,* 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986); *Moore v. City of Cleveland,* 431 U.S. 494, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977).