**MCI COMMUNICATIONS CORPORATION,**
Plaintiff,

v.

**George RUSSELL, Individually, and George Russell D/B/A/ Headquarters Companies/Rye, Defendants.**

**No. 93 Civ 0676 (VLB).**

United States District Court,
S.D. New York.

Aug. 29, 1994.

Albert J. Avallone, MCI Communications Corp., New York City, for plaintiff.

George Russell, pro se.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

Plaintiff MCI Communications Corporation seeks a default judgment against an individual defendant and what appears to be an unincorporated business for nonpayment of approximately $10,526.91 in unpaid long distance telephone charges, together with expenses and attorney's fees, based upon a MCI Tariff No. 1 effective October 15, 1990. Jurisdiction is premised upon 28 U.S.C. § 1331 and the Communications Act of 1934, as amended, 47 U.S.C. § 203.

Defendants' default in answering the complaint is noted and plaintiff's application for judgment is referred to United States Magis-

trate Judge Mark D. Fox for an inquest concerning the questions outlined below.

## II

The Communications Act has been held to create federal judicial cognizance of debt collection suits based on tariffs filed with the Federal Communications Commission. *Ivy Broadcasting Co. v. AT & T,* 391 F.2d 486 (2d Cir.1968); *MCI Telecommunications Corp. v. Mr. K's Foods,* 1989 WL 10939 (S.D.N.Y. Dkt. No. 88 Civ 776E, Feb. 10, 1989); see also *Nordlicht v. New York Telephone,* 799 F.2d 859, 862 (2d Cir.1986).[1]

While it may be argued that adjudication of debt collection suits involving relatively small amounts and similar cases involving what might be small claims in state courts may not be the best use of federal judicial resources, Congress has seen fit to create such jurisdiction in the context of ERISA (29 U.S.C. § 1132[e][1] ), suits against the United States (28 U.S.C. § 1346[a][2] ), and several other contexts. See *Barbieri v. Hartsdale Post Office,* 856 F.Supp. 817 (S.D.N.Y. 1994); *Derico v. IBM,* 1993 WL 106799, 1993 US Dist LEXIS 4546 (S.D.N.Y.1993); *Dickman v. F.D.R. V.A. Hospital,* 148 F.R.D. 513 (S.D.N.Y.1993); *Shea v. Road Carriers Local 707 Welfare Fund,* 818 F.Supp. 631 (S.D.N.Y. 1993).

▆ One advantage of such jurisdiction is uniformity in interpreting federal documents such as FCC-approved tariffs, with a view to efficient conduct of regulated activities and protection of the public. Such protection requires that debts due be collected with an view to fairness to both debtor and creditor. See *MCI Telecommunications Corp. v. Mr. K's Foods, supra.*

## III

Several questions are left open by the motion for a default judgment, which may be explored by means of the inquest.

First, while the complaint and affidavits refer to charges of $11,562.91 of which $1,000 was paid, the nature of the charges is not set forth and no copy of the bills involved is attached—this information will be necessary in determining whether plaintiff is entitled to relief.

Second, the segment of Tariff No. 1 attached to the complaint is only partially legible and does not appear to contain the method of calculating the charges asserted to be due pursuant to that tariff.

Third, while the complaint alleges in ¶ 9 that the defendant has "refused to pay for the services MCI provided," the reasons given, if any, for such refusal are not provided. If such reasons include any objections to the validity of the claim, that matter should be inquired into as part of the inquest.

If, on the other hand, the reason for payment of $1,000 but not the balance is stated to be—or may be found upon the inquest in fact to be—financial difficulties, then an appropriate payment schedule may permit the defendant to remain in business while providing for payments to the creditor.

Under Fed.R.Civ.P. 69, state law governs enforcement of judgments, thus making applicable New York Civ.Prac.L. & R. 5240, which provides:

The court may at any time, on its own initiative or on the motion of any interested person, and upon such notice as it may require, make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure.

The importance of this provision of New York law is emphasized by the inclusion of a similar provision in the Federal Debt Collection Procedures Act, 28 U.S.C. § 3013. See *Cablevision Systems Corp. v. 45 Midland Enterprises,* 858 F.Supp. 42, (S.D.N.Y.1994). The Act is persuasive as the most recent expression of congressional evaluation of fair and effective debt collection processes. See *Schueler v. Rayjas Enterprises,* 847 F.Supp. 1147, 1164 (S.D.N.Y.1994).

## IV

▆ The attorney's fees now claimed by the plaintiff are $595.00, which appear to fall

---

**1.** Plaintiff cites *MCI v. Garden State Investment Corp.,* 981 F.2d 385 (8th Cir.1992), but for reasons which are unclear, fails to refer to authority in the Second Circuit.

within the legal costs necessarily incurred in a debt collection case of this nature. The cost of responding to the additional questions raised by the court in this memorandum order should not, however, be charged to defendant inasmuch as they could have been avoided if the information set forth above had been provided.

An attempt to work out a payment schedule may be in the interest of both parties whether imposed by the court or not, but a further separate application for legal fees in connection with such an effort (which may be pursued by nonlawyers), would be inappropriate. See *Schueler v. Roman Asphalt Corp.,* 827 F.Supp. 247 (S.D.N.Y.1993).

SO ORDERED.