HYUNDAI MERCHANT MARINE CO. LTD., Pohang Iron and Steel Co., Ltd., the Oriental Fire & Marine Insurance Co., Ltd., the Shin Dong–A Fire & Marine Insurance Co., Ltd., Daehan Fire, Marine Insurance Co., Ltd., International Fire & Marine Insurance Co., Ltd., Koryo Fire & Marine Insurance Co., Ltd., First Fire & Marine Insurance Co., Ltd., Haedong Fire & Marine Insurance Co., Ltd., the Ankuk Fire & Marine Insurance Co., Ltd., Hyundai Marine & Fire Insurance Co., Ltd., Lucky Insurance Co., Ltd., Korea Automobile Fire & Marine Insurance Co., Ltd., Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 89 Civ. 2025 (PKL).

United States District Court, S.D. New York.

Jan. 6, 1995.

Healy & Baillie, New York City (Richard V. Singelton, II, Todd Kenyon, of counsel), for plaintiffs.

Mary Jo White, U.S. Atty. for the S.D. of N.Y., New York City, Frank W. Hunger, Torts Branch, Civ. Div., U.S. Dept. of Justice, New York City (Janis G. Schulmeisters, Jack S. Rocakfellow, of counsel), for U.S.

### OPINION ORDER

LEISURE, District Judge:

This is an action under the Suits in Admiralty Act, 46 U.S.C.App. §§ 741–52, by the owners of the Hyundai New World and par-

ties related in interest (collectively, "plaintiffs") against the United States of America (the "Government"). Plaintiffs allege that the Hyundai New World ran aground off the coast of Brazil in 1987 as a result of the negligent publication of an inaccurate nautical chart by the Defense Mapping Agency (the "DMA"), an agency within the Department of Defense. On November 7, 1994, the Government moved to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Subsequently, plaintiffs made a number of discovery requests allegedly necessary to allow plaintiffs to oppose the Government's motion. The Government has now moved to quash discovery in this action. For the reasons stated below, the Court grants defendant's motion.

### DISCUSSION

A. *Facts*

■ On October 5, 1994, 10 U.S.C. § 2798 ("Section 2798") was signed into law. Soon after Section 2798 was enacted, on November 7, 1994, the Government filed a motion to dismiss the instant action for lack of subject matter jurisdiction. It is well established that, in considering a motion to dismiss for want of subject matter jurisdiction, the Court must accept as true all material factual allegations in the complaint. *See, e.g., Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir.1992).

Applying the above standard, the facts of this case are as follows. On March 31, 1987, the Hyundai New World grounded on a shoal as it sought to enter the Baia de Sao Marcos in Brazil resulting in the total loss of the vessel. In entering the Baia de Sao Marcos, the master of the Hyundai New World used DMA Chart 24271 (13th Ed.) ("Chart 24271") which did not accurately indicate the position of this shoal. Chart 24271 was published on April 23, 1983. The Chart states that it is a reproduction of Brazilian Chart 411 (2d Ed.), a chart produced by the Brazilian government based on surveys by the Brazilian Navy to 1974.[1] In addition to producing Chart 24271 and other charts, the Defense Mapping

---

1. The parties dispute what sources were in fact used in preparing Chart 24271.

Agency Hydrographic/Topographic Center ("DMAHTC") publishes weekly Notices to Mariners which serve to update existing charts with new hydrographic information.

In 1984, the Brazilian government performed new hydrographic surveys in the Baia de Sao Marcos. These hydrographic surveys indicated that the shoal on which the Hyundai New World later foundered had extended northward and eastward. As a result, water depths were now 14 to 17 meters in areas where they were indicated as 25 to 38 meters on Chart 24271. Prior to the grounding of the Hyundai New World, the DMAHTC received charts from the Brazilian government and notices from the British government which indicated these reduced water depths. The DMAHTC did not publish a Notice to Mariners conveying this information prior to the grounding of the Hyundai New World.

### B.  *Jurisdiction to Direct Discovery*

Section 2798 provides, in pertinent part: (a) Claims Barred—No civil action may be brought against the United States on the basis of the content of a navigational aid prepared or disseminated by the Defense Mapping Agency.  (d) Effective Date—Section 2798 of title 10, United States Code, as added by subsection (b), shall take effect on the date of the enactment of this Act and shall apply with respect to (1) civil actions brought before such date that are pending adjudication on such date, and civil actions brought on or after such date. 10 U.S.C. § 2798.  This provision became effective on October 5, 1994.

■ The Government contends that as a result of the recent enactment of Section 2798, this Court no longer has jurisdiction over the tort claims against the United States alleged in plaintiffs' complaint. Memorandum of Defendant United States in Support of its Motion to Quash Discovery Served by Hyundai Seeking to Obtain Files of Government Agencies and Departments and to Depose Individuals Regarding the Passage of 10 United States Code § 2798 ("Defendant Mem.") at 4.  In fact, the Government states that "the principal issue pending before this Honorable Court is whether this Court still has any jurisdiction to enter any order affecting the captioned litigation, other than dismissal of the action."  Defendant Mem. at 5 (emphasis in original).  The Government continues, "[a]ccordingly, this Court does not have jurisdiction to order, or permit, any discovery of the United States or any of its agencies or departments regarding this lawsuit."  *Id.* at 6.

■ This Court finds, however, that it has jurisdiction to determine its own jurisdiction.  *See In re Martin–Trigona,* 763 F.2d 135, 138 (2d Cir.1985); *Cruz v. Sullivan,* 802 F.Supp. 1015, 1016–17 (S.D.N.Y.1992); *United States v. International Business Machines Corp.,* 539 F.Supp. 473, 475 (S.D.N.Y. 1982).  Particularly, this Court finds that it has jurisdiction to enter discovery orders concerning plaintiffs' document requests and notices of deposition which seek discovery of materials pertinent to the issue of this Court's jurisdiction.  The Court notes that orders by this Court must be followed, "even if it is ultimately determined that the court lacked jurisdiction."  *United States v. International Business Machines,* 539 F.Supp. at 476 (citing *United States v. United Mine Workers of America,* 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947)).

Justice Holmes, in *United States v. Shipp,* 203 U.S. 563, 27 S.Ct. 165, 51 L.Ed. 319 (1906), stated:

> But even if the Circuit Court had no jurisdiction to entertain [the] petition, and if this court had no jurisdiction of the appeal, this court, and this court alone, could decide that such was the law.  It and it alone necessarily had jurisdiction to decide whether the case was properly before it. On that question, at least, it was its duty to permit argument and to take the time required for such consideration as it might need.  Until its judgment declining jurisdiction should be announced, it had authority from the necessity of the case to make orders to preserve the existing conditions and the subject of the petition ...

*United States v. Shipp,* 203 U.S. at 573, 27 S.Ct. at 166 (citations omitted).

More recently, the Second Circuit has ruled, "[j]urisdiction to determine jurisdiction

refers to the power of a court to determine whether it has jurisdiction over the parties to and the subject matter of a suit. If the jurisdiction of a federal court is questioned, the court has the power and the duty, subject to review, to determine the jurisdictional issue." *Cargill Int'l S.A. v. M/T Pavel Dybenko,* 991 F.2d 1012, 1019 (2d Cir.1993). In fact, the Government itself does not dispute the power of this Court to determine whether it has jurisdiction.[2] *See* Reply to Plaintiffs' Answer to Memorandum of Defendant United States in Support of its Motion to Quash Discovery ("Defendant Reply") at 2. Apparently, therefore, it is the Government's position that this Court has the power to determine its own jurisdiction, but not the power to supervise discovery directed towards ascertaining the Court's jurisdiction.

This Court finds that it has the authority to resolve any factual dispute regarding the existence of subject matter jurisdiction, and this Court further finds that it has the accompanying power to issue orders directed towards the determination of the boundaries of its jurisdiction.

Consequently, this Court has jurisdiction to determine whether Section 2798 retroactively immunizes the United States from plaintiffs' action. In addition, the Court has authority to enact orders, including discovery orders, that concern the resolution of the question of subject matter jurisdiction.

## C. *Plaintiffs' Proposed Discovery*

█ The Government's second contention is that the discovery sought by plaintiffs (1) is not relevant to the subject matter of the motion pending before this Court, (2) is overbroad and unduly burdensome, and (3) would subject the Government to unreasonable expense. Defendant Mem. at 7. As a consequence, the Government asserts that the discovery should be quashed.

Federal Rule of Civil Procedure 26(b)(1), and (c) state that:

> parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party.... The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

> Upon motion by a party or by the person from whom discovery is sought, ... the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

> (1) that the disclosure or discovery not be had;

> (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited in certain matters;

Fed.R.Civ.P. 26(b)(1), (c). The question squarely before this Court is whether the discovery sought by plaintiffs is relevant to the Government's motion to dismiss, and if so, whether it is unduly burdensome.

The Government asserts that plaintiffs' requests for discovery regarding the background and enactment of 10 U.S.C. § 2798 have no relevance. Plaintiffs seek, *inter alia,* all: DMA materials concerning the proposal, drafting consideration, reporting or enactment of Section 2798; computer-generated texts concerning DMA's efforts to obtain the passage of Section 2798; materials exchanged between a number of listed executive agencies and departments concerning Section 2798; documents sent to the United States Congress by the DMA and other agencies and departments regarding Section 2798; testimony by the DMA and other agencies and departments concerning Section 2798, and all lists or compilations of any litigation from 1985 to the present to which the DMA considers Section 2798 applicable. The Government claims that these requests are irrelevant, oppressive and not calculated to lead to admissible evidence with respect to the subject matter of the lawsuit. The Government further asserts that, at this juncture

---

**2.** The Court notes that many of the cases cited by the Government discuss the situation that exists after it has been determined that jurisdiction is lacking.

in this litigation, there is no need for any additional factual discovery.

Plaintiffs argue that their discovery requests constitute relevant inquiry into the purposes and motives behind passage of the statute. They maintain that their requests are tailored to discover evidence relevant to the constitutionality of Section 2798. Specifically, plaintiffs contend that the discovery that they seek is calculated to find information and evidence concerning the purpose of Section 2798 and the extent of the legislative branch's knowledge of the instant case when the statute was considered and passed. Plaintiffs argue that such information is germane because it informs the analysis of the constitutionality of Section 2798.

Plaintiffs contend that the application of Section 2798 to the instant case would violate the Constitution under the separation of powers principle. They argue that Section 2798 comprises a Congressional attempt to alter the rule of decision in a pending case in favor of the Government, and that such an attempt is prohibited by the Constitution. Plaintiff Mem. at 6–7. Plaintiffs maintain that cases such as *United States v. Klein*, 80 U.S. (13 Wall) 128, 20 L.Ed. 519 (1872) and *United States v. Sioux Nation of Indians*, 448 U.S. 371, 100 S.Ct. 2716, 65 L.Ed.2d 844 (1980), establish that a statute passed by Congress, which prescribes a rule of decision in a case pending before the courts and which does so in a manner that requires the courts to decide a controversy in the Government's favor, is unconstitutional.

Plaintiffs conclude that the issue of Congressional intent or purpose in passing Section 2798 is relevant under a separation of powers analysis. They maintain that information concerning the extent of Congress' knowledge of the instant action and others similar to it is probative in determining whether the retroactive provision of the statute was intended to affect the rule of decision in this case. Lastly, plaintiffs argue that the issue of legislative purpose is also relevant in a due process analysis under the Fifth Amendment because, again, Congress' motive in passing Section 2798 is important.

This Court finds that plaintiffs' discovery requests are irrelevant to the instant action.

Congress' intent, even if pertinent for the reasons advanced by plaintiffs, need not and cannot be divined from an analysis of the information, if any, provided to Congress by DMA and the other departments and agencies listed by plaintiffs. First, it is likely that the purpose of Section 2798 is clear from the language of the statute itself. For example, one need not closely scrutinize every pending case to determine whether Congress, in passing Section 2798, intended to preclude certain lawsuits from further progressing. Congress clearly meant to eliminate currently pending lawsuits, or it would not have given Section 2798 retroactive effect. The retroactivity of Section 2798 would be pointless if Congress did not believe there to be actions that would be affected by the provision.

Second, the Government readily admits that Congress had the instant case in mind when it considered the new bill. The Government even cites to the section of the Congressional Record where the instant action is used as an example. Defendant Reply at 3. Plaintiffs need no more than that information which is already publicly available to make their argument concerning the constitutionality of Section 2798.

■ Third, this Court is unaware of any tenet of statutory interpretation that looks to information available to individual members of Congress, or Congress as a whole, in attempting to ascertain Congressional intent. Courts look first to the language of the statute itself, and it appears in the instant case that this will be sufficient. If needed, a court might then analyze the Congressional record and the publicly available legislative history. Finally, a court may even examine statements made by individual members of Congress regarding passage of a bill. This Court will not, however, endeavor to survey every mote of data delivered or otherwise made available to Congress prior to its enactment of a law. Nor will this Court evaluate a small segment of the information available to Congress and attempt to extrapolate from that portion Congress' objective. Neither approach would allow this Court to divine Congress' purpose in enacting Section 2798. Consequently, even if plaintiffs' discovery requests are precisely calibrated to procure

 

material concerning defendant's attempt to influence Congress, such material is irrelevant.

Finally, even if plaintiffs' requests were either relevant or calculated to lead to admissible evidence, they are overbroad. For the reasons stated above, the bulk of the discovery that plaintiffs seek is unduly burdensome and would result in unreasonable expense to the Government.

■ District Courts have broad authority under the Federal Rules of Civil Procedure to regulate or to preclude discovery. *See Lehigh Valley Indus., Inc. v. Birenbaum,* 527 F.2d 87, 93 (2d Cir.1975); *Hachette Distribution, Inc. v. Hudson County News Company, Inc.,* 136 F.R.D. 356, 358 (E.D.N.Y.1991). Rule 26(c) permits courts to alleviate a party's discovery burdens in order to prevent annoyance, embarrassment, oppression or undue burden or expense. Discovery provisions, "like all of the Federal Rules of Civil Procedure, are subject to the injunction of Rule 1 that they 'be construed to secure the just, *speedy,* and *inexpensive* determination of every action.'" *Herbert v. Lando,* 441 U.S. 153, 177, 99 S.Ct. 1635, 1649, 60 L.Ed.2d 115 (1979) (emphasis in original). "To this end, the requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied, and the district courts should not neglect their power to restrict discovery where justice 'requires [protection for] a party or person from annoyance, embarrassment....' With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process." *Id.*

This Court finds that the discovery requested by plaintiffs is not relevant to the subject matter involved in the instant action, nor is the information sought reasonably calculated to lead to the discovery of admissible evidence. Furthermore, plaintiffs' discovery requests are overbroad and would result in undue burden and expense.

### CONCLUSION

For the reasons stated above, the Court grants defendant's motion to quash plaintiffs' discovery requests. The return date of de-

fendant's motion to dismiss, in order to allow plaintiffs an adequate opportunity to respond, is extended until January 29, 1995.

**SO ORDERED**